1  DARIN SNYDER (S.B. #136003)
   dsnyder@omm.com
2  DAVID SEPANIK (S.B. #221527)
   dsepanik@omm.com
3  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
4  San Francisco, California  94111-3823
   Telephone:    (415) 984-8700
5  Facsimile:    (415) 984-8701

6  Attorneys for Plaintiff
   ARTIFEX SOFTWARE, INC.
7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10                            **SAN FRANCISCO**

11

12  ARTIFEX SOFTWARE, INC.,                 Case No.

13                 Plaintiff,               **COMPLAINT FOR**
                                            **1.  COPYRIGHT INFRINGEMENT**
14         v.                               **2.  MISAPPROPRIATION OF TRADE**
                                            **SECRETS**
15  BIGTINCAN HOLDINGS PTY. LTD.,

16                 Defendant.               **DEMAND FOR JURY TRIAL**

17

18

19         Plaintiff Artifex Software, Inc. ("Artifex") for its Complaint against Defendant BigTinCan

20  Holdings Pty. Ltd. ("BTC") alleges and avers as follows:

21                            **INTRODUCTION**

22         1.   Artifex is the owner of SmartOffice, a leading Microsoft Office mobile application

23  that enables users to view, edit, create, share, and print Microsoft Word, PowerPoint and Excel

24  Files.  BTC is engaged in the unauthorized and unlawful use and distribution of the intellectual

25  property underlying SmartOffice, the "Picsel IP," to third parties for profit through its competing

26  mobile application "bigtincan hub."

27         2.   BTC previously held a limited license for certain uses of the Picsel IP, but BTC

28  has since violated the requirements of that license by distributing its product in direct competition

                                                          COMPLAINT

with Artifex's SmartOffice. Despite this fact, BTC continues to blatantly distribute its "bigtincan hub" product even though the product unlawfully utilizes Artifex's copyright-protected intellectual property and trade secrets. Worst still, BTC is distributing its unauthorized and unlawful product that directly competes with Artifex's SmartOffice at a pricing differential that unjustly restricts Artifex from realizing the value of its intellectual property and trade secrets.

3. Artifex demanded that BTC cease its improper distribution of its infringing and unlawful product, but BTC refused to comply, leaving Artifex no choice but to seek relief from this Court.

## NATURE OF THE CASE

4. This action seeks to enjoin BTC from its unauthorized and unlawful use of Artifex's copyrights and trade secrets. BTC is distributing its mobile application utilizing Artifex's unlicensed copyright-protected intellectual property and trade secrets.

5. Artifex seeks preliminary and permanent injunctive relief and damages under the laws of the United States and the State of California.

## PARTIES

6. Plaintiff Artifex is a California corporation with its principal place of business at 7 Mt. Lassen Drive, A-134, San Rafael, California.

7. Defendant BTC is an Australian propriety limited company with its global headquarters located at 404 Wyman Street, Suite 205, Waltham, Massachusetts. On information and belief, BTC does business in California and offers and distributes its infringing product in California through the Internet, at least through California-based Apple Inc.'s App Store and Google Inc.'s Google Play.

## JURISDICTION AND VENUE

8. Artifex's action for copyright infringement arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. Artifex also brings a related state law claim for Misappropriation of Trade Secrets.

9. This Court has original subject matter jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a) and (b), and this Court has supplemental jurisdiction under 28 U.S.C. § 1367.

COMPLAINT

10. This Court has specific personal jurisdiction over BTC as it, through its offering and distribution of its infringing product through the Internet to citizens of California and conducting business with companies in California, such as Apple Inc. and Google Inc., purposefully committed within California the acts from which these claims arise and/or committed tortious acts outside California, knowing and intending that such acts would cause injury within the state to Artifex, a California corporation.  The Court also has general personal jurisdiction over BTC as it conducts continuous, systematic, and routine business through the Internet within the state of California and within the jurisdiction of this Court.

11. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(a).  Pursuant to Local Rule 3-2(d), assignment to the San Francisco Division of the United States District Court for the Northern District of California is appropriate because Artifex was injured in Marin County, which is a substantial basis giving rise to the claims in this Complaint.

## GENERAL ALLEGATIONS

### Artifex And Its Acquisition Of Picsel IP

12. Artifex is a closely-held, private corporation that was formed in 1993 and is headquartered in San Rafael, California.  Artifex develops and licenses software products that interpret files written in a page description language ("PDL"), such as the Portable Document Format ("PDF"), and that allow for viewing and editing Microsoft Office Suite documents on mobile devices.

13. One of Artifex's software products is SmartOffice, a best-selling suite of mobile applications that enables users to view, create, edit, and share Microsoft Office files and other documents.  Artifex acquired SmartOffice as part of its acquisition of certain assets from Picsel International Limited ("Picsel International") and SmartOffice Technologies Limited ("SmartOffice Ltd.") when those companies were liquidated. Pursuant to this acquisition, Artifex now offers SmartOffice mobile applications on all leading platforms, including iPhone, iPad, and Android-powered tablets and smartphones worldwide.

14. On February 18, 2014, the Administrators of SmartOffice Ltd. and the Liquidator of Picsel International sold Artifex the IP assets to the SmartOffice application as part of the

COMPLAINT

1    liquidation and administration of those defunct companies.

2          15. Among the assets acquired by Artifex during this liquidation are the source code,

3    business intellectual property, and existing licenses of SmartOffice (the "Picsel IP").

4          16. Computer programs such as SmartOffice are written by programmers in a form

5    known as "source code."  Source code can be understood by humans but cannot be executed

6    directly by a computer.  Source code is later transformed into "executable" code that can be run

7    on a computer, also known as "object code."  A copy of the executable program contains only

8    object code, and the source code for the program cannot be derived from this object code.

9    Modifications to computer programs, including SmartOffice, must be completed by altering the

10   source code, and they cannot be completed by altering the object code directly.

11         17. Artifex's business is based on the revenues derived from selling and licensing

12   software programs for which it holds the IP rights, including SmartOffice.  Artifex offers the

13   SmartOffice application to the public via licensing and distribution agreements, but it does not

14   license or distribute the SmartOffice source code.  Artifex also offers and sells SmartOffice to the

15   public through Apple Inc.'s App Store and Google Inc.'s Google Play.

16         18. Artifex filed an application for registration of the SmartOffice source code with

17   the United States Copyright Office on November 19, 2014 and received a notice of receipt from

18   the Office that same day.

19                        **BTC's Limited Licensing of Picsel IP**

20         19. BTC acquired a license from the UK Liquidators of SmartOffice Ltd. that granted

21   BTC limited rights in SmartOffice, including the right to use, make, market, sell, license, modify,

22   and distribute SmartOffice in executable code form.

23         20. BTC entered into a Licensing Agreement that delineated the specific, and limited,

24   permissible uses of the Picsel IP ("Agreement").

25         21. As part of the Agreement, as provided for in Paragraph 3.2, BTC was provided

26   with the SmartOffice "source code necessary for it to exploit the rights granted to it" under the

27   Agreement.

28         22. The Agreement in Paragraph 3.1 limited BTC's use of the Picsel IP to the Field of

- 4 -

COMPLAINT

1   Use as defined in Paragraph 1.1 as use in "[BTC] products, present and future that do not compete

2   directly with existing consumer App Store products and enterprise products."

3       23. The Agreement additionally required that BTC "keep secret and confidential at all

4   times . . . all Confidential Information," and it prohibited BTC from "us[ing] or disclos[ing] to

5   any third party any such Confidential Information unless for the proper purposes of this

6   Agreement, or having obtained the other party's prior written consent."  "Confidential

7   Information" was defined in Paragraph 1.1. of the Agreement as  "all information relating to the

8   Picsel IP."

9       24. BTC's rights under the limited license are contingent on its continued compliance

10  with the Field of Use restriction, which prevents BTC from using the Picsel IP in a product that

11  competes directly with SmartOffice.

12  **BTC's Improper Use of the Picsel IP**

13      25. Since at least August 27, 2014, BTC has distributed its "bigtincan hub" product,

14  which BTC has touted publicly as using and containing Picsel IP, through Apple Inc.'s App Store

15  and Google Inc.'s Google Play.

16      26. BTC's "bigtincan hub" competes directly with SmartOffice by offering

17  functionality and features identical to those offered by SmartOffice through the same

18  marketplaces.

19      27. By competing directly against SmartOffice with a product that BTC touts as using

20  and containing Picsel IP, BTC has violated the Field of Use restriction upon which its limited

21  license to the Picsel IP was contingent.  As such, BTC's continued use of and profit from use of

22  the Picsel IP, including Artifex's copyright-protected intellectual property and trade secrets, is

23  unlicensed and unlawful.

24      28. BTC's past and continuing violations of Artifex's intellectual property rights

25  constitute substantial, irreparable harm to Artifex.

26  **FIRST CLAIM FOR RELIEF**

27  **COPYRIGHT INFRINGEMENT**

28  **(17 U.S.C. § 101 *et seq.*)**

COMPLAINT

29. Artifex realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

30. Prior to initiating this action, Artifex filed a completed registration application with the United States Copyright Office on November 19, 2014.

31. Through the actions complained of herein, BTC has infringed and will continue to infringe Artifex's copyright in and relating to any version of SmartOffice, by copying, distributing, and/or licensing its product "bigtincan hub," which utilizes the Piscel IP to compete with SmartOffice.  Any such use of the Picsel IP is beyond the scope of the limited license granted to BTC under the Agreement.

32. Artifex is entitled to an injunction restraining BTC, its officers, agents, employees, assigns and all persons acting in concert with them from engaging in further such acts of reproduction or distribution in violation of federal copyright law.

33. Artifex is entitled to recover from defendants the damages it has sustained and will sustain as a result of defendant BTC's wrongful acts as alleged herein.  Artifex is further entitled to recover from defendant BTC the gains, profits, and advantages it has obtained as a result of BTC's wrongful acts.  The full extent of Artifex's damages and the gains, profits, and advantages BTC has obtained by reason of its aforesaid acts of copyright infringement cannot be determined at this time, but will be proven at trial.

**SECOND CLAIM FOR RELIEF**

**MISAPPROPRIATION OF TRADE SECRETS**

**(Cal. Civ. Code § 3426 *et seq*.)**

34. Artifex realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

35. Artifex's trade secret technology consists of software and other information not generally known to the public, including, but not limited to the SmartOffice source code. Artifex has taken reasonable measures to maintain its secrecy.  It is the product of substantial investment that would be lost or substantially lessened by disclosure to the public.  SmartOffice cannot easily be duplicated or altered without specific knowledge of and access to Artifex's source code.

COMPLAINT

Artifex's source code therefore constitutes and comprises "trade secrets" under applicable law.

36. The Agreement restricted BTC's use of the trade secrets in the Picsel IP, including the SmartOffice source code, to the specific rights granted under the Agreement.  Because BTC's product "bigtincan hub" utilizes the Piscel IP to compete with SmartOffice in violation of the Field of Use of the Agreement, any continued use of the trade secrets is beyond the scope of the limited license granted to BTC under the Agreement.

37. BTC wilfully and maliciously misappropriated Artifex's trade secrets by creating, distributing, and/or licensing its product "bigtincan hub" created using the proprietary SmartOffice source code, which was communicated to BTC in the context of a limited licensing agreement, in violation of the contingent conditions of the license grant.

38. Artifex is entitled to recover from BTC the damages sustained as a result of the misappropriation alleged here.  The amount of such damages cannot be determined at this time but will be proven at trial.

39. Artifex is informed and believes that BTC's acts of misappropriation were both willful and malicious, meriting the imposition of punitive damages.

40. Artifex is informed and believes that BTC is continuing and will continue to misappropriate Artifex's trade secrets.  By reason of that ongoing misappropriation, Artifex will suffer severe and irreparable harm and damages, and it will be without an adequate remedy at law.  Artifex is therefore entitled to an injunction restraining BTC, its officers, agents, employees, assigns and all persons acting in concert with them and any person or entity acting in concert with them, from misappropriating Artifex's trade secrets.

**PRAYER FOR RELIEF**

Artifex prays for judgment against BTC as follows:

1.  For permanent injunctive relief, including an order restraining and enjoining BTC from further infringement of Artifex's copyright and misappropriation of Artifex's trade secrets, specifically:

    a.  that BTC, as well as any successor entities, its directors and officers, agents, servants, employees, assigns, and all other persons acting in active

- 7 -

COMPLAINT

concert or privity or in participation with them, and each of them, be

enjoined from continuing to market, offer, sell, dispose of, license, lease,

transfer, display, advertise, reproduce, develop or manufacture any version

of SmartOffice, including those previously licensed to BTC, and any works

derived or copied from any such version of SmartOffice, or to participate

or assist in any such activity;

b. that BTC, as well as any successor entities, its directors and officers,

agents, servants, employees, assigns, and all other persons acting in active

concert or privity or in participation with them, be enjoined from directly

or indirectly infringing Artifex's copyright in SmartOffice;

c. that BTC, as well as any successor entities, its directors and officers,

agents, servants, employees, assigns, and all other persons acting in active

concert or privity or in participation with them, be enjoined from

misappropriating Artifex's trade secrets with relation to SmartOffice or any

other Picsel IP;

d. that BTC, as well as any successor entities, its directors and officers,

agents, servants, employees, assigns, and all other persons acting in active

concert or privity or in participation with them, be enjoined to return to

Artifex any originals, copies, facsimiles, or duplicates of any version of

SmartOffice licensed to BTC under the Agreement, any works derived or

copied from any such version of SmartOffice in their possession, custody,

or control that are shown by the evidence to infringe any Artifex copyright;

e. that BTC be enjoined to deliver upon oath, to be impounded during the

pendency of this action, and for destruction pursuant to judgment herein,

all originals, copies, facsimiles, or duplicates of any version of SmartOffice

licensed to BTC under the Agreement, any works derived or copied from

any such version of SmartOffice in their possession, custody, or control

that are shown by the evidence to infringe any Artifex copyright;

COMPLAINT

2.  For compensatory damages against BTC, including any consequential or statutory damages, in an amount to be determined at trial;

3.  For exemplary and punitive damages;

4.  For attorneys' fees and costs of suit incurred herein;

5.  For the value of BTC's unjust enrichment, including all gains, profits, or advantages attributable to defendants' wrongful acts alleged herein;

6.  That the Court grant such other, further, and different relief as the Court deems appropriate.


Dated:  December 11, 2014

DARIN SNYDER
DAVID SEPANIK
O'MELVENY & MYERS LLP


By:    /s/ Darin W. Snyder
                Darin Snyder
Attorneys for Plaintiff
Artifex Software, Inc.

COMPLAINT