DARIN W. SNYDER (S.B. #136003)
dsnyder@omm.com
DAVID J. SEPANIK (S.B. #221527)
dsepanik@omm.com
JESSE J. KOEHLER (S.B. #300530)
jkoehler@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Attorneys for Plaintiff
ARTIFEX SOFTWARE, INC.

MARK D. FLANAGAN (S.B. #130303)
Mark.flanagan@wilmerhale.com
NATHAN L. WALKER (S.B. #206128)
nathan.walker@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR, LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Defendants
BIGTINCAN MOBILE PTY. LTD.
and BTC MOBILITY LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO**

| | |
|---|---|
| ARTIFEX SOFTWARE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIGTINCAN MOBILE PTY. LTD.; and BTC MOBILITY LLC, <br><br> Defendants. | Civil Action No. 3:14-cv-05415-EMC <br><br> **[~~PROPOSED~~] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

## 1. PURPOSE

1.1 This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

## 2. COOPERATION

2.1 The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## 3. LIAISON

3.1 The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

## 4. PRESERVATION

4.1 The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

(a) No voicemail, instant messages, or text messages need to be preserved.

(b) No materials that may be archived and/or retained in tape, floppy disc, optical disc or similar media for backup or disaster recovery shall be searched for or produced unless good cause for the production can be shown, and further subject to the Producing Party's claim of undue burden or cost. The Parties shall meet and confer as to good cause on this issue.

(c) Materials retained in tape, floppy disk, optical disk or similar formats primarily for back-up or disaster recovery purposes should be considered not reasonably

accessible under Rule 26(b)(2) of the Federal Rules of Civil Procedure and, accordingly, should not be subject to production unless specific facts demonstrate a particular need for such evidence that justifies the burden of retrieval. Archives stored on computer servers or external hard drives that are created for disaster recovery purposes and not used as reference materials in the ordinary course of a party's business operations need not be searched or produced absent good cause, and further subject to the Producing Party's claim of undue burden or cost. Neither party need deviate from the practices with regard to preservation of such "tape, floppy disk, optical disk or similar formats primarily for back-up or disaster recovery purposes" that it normally exercises when not in anticipation of litigation (e.g., recycling of backup tapes is permitted).

**5. SEARCH**

5.1 The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search non-email ESI in order to identify non-email ESI that is subject to production in discovery and filter out non-email ESI that is not subject to discovery.

**6. EMAIL**

6.1 General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

6.2 Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe as set forth in the Guidelines.

6.3 Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional

custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

6.4     Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The Court encourages the parties to confer on a process to test the efficacy of the search terms. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any party shall bear all reasonable costs caused by such additional discovery.

**7.  SOURCE CODE**

7.1     No provision of this Order affects any inspection of source code that is responsive to a discovery request.  Source code will be made available consistent with the protective order governing this case.

**8.  PRODUCTION FORMATS**

8.1     The parties agree to produce all documents in single-page GroupIV TIFF format, accompanied by text files, unless production in TIFF format would be unwieldy, impractical, or burdensome, and in such a case, the parties may produce such documents in native format.  Non-

1 redacted spreadsheet files (e.g., Microsoft Excel documents) will be produced in native format.
2 Electronically extractable text will be provided from any non-redacted file that is produced in
3 TIFF format, and OCR text will be provided for any redacted file. A party may request that
4 specific documents produced in TIFF format be produced in native format should the production
5 in TIFF format prove unwieldy, impractical, or burdensome.

6       8.2      When producing documents, the parties agree to keep document families intact.
7 For the purposes of this Order, a "document family" is a collection of pages or files, constituting
8 a logical single communication of information, but consisting of more than a single stand-alone
9 record. One example of a document family is an email (the parent) containing an attachment
10 (the child).

11       8.3      The parties agree to the following Load File Specifications:
12 Production folder structure:
13 - Top-Level (Volume – i.e. TBD-001)
14     - Sub-Folder (DATA – includes .DAT, .OPT)
15     - Sub-Folder (IMAGES – single-page GroupIV TIFF images)
16     - Sub-Folder (NATIVES)
17     - Sub-Folder (TEXT – extracted or OCR text files encoded in Unicode)
18 Production Metadata Fields for DAT File, encoded in Unicode (to the extent the
19 following metadata exists for each document):
20 - Control Number Begin
21 - Control Number End
22 - Attachment Begin
23 - Attachment End
24 - Custodian
25 - Subject (to the extent this metadata exists as part of the document as collected)
26 - From (to the extent this metadata exists as part of the document as collected)
27 - To (to the extent this metadata exists as part of the document as collected)
28

- CC (to the extent this metadata exists as part of the document as collected)
- BCC (to the extent this metadata exists as part of the document as collected)
- Date Sent (to the extent this metadata exists as part of the document as collected)
- Time Sent (to the extent this metadata exists as part of the document as collected)
- Filename (to the extent this metadata exists as part of the document as collected)
- Author (to the extent this metadata exists as part of the document as collected)
- Date Created (to the extent this metadata exists as part of the document as collected)
- Date Modified (to the extent this metadata exists as part of the document as collected)
- Redacted (populate "YES" if redacted as part of document review and production in this action; if not, leave blank)
- Designation (populate with confidentiality language, if any)
- NativeLink (relative filepath to the produced native file)
- TextLink (relative filepath to the extracted or OCR text file)

The parties agree not to degrade the searchability of documents as part of the document production process.

**9. DOCUMENTS PROTECTED FROM DISCOVERY**

9.1 Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

9.2 Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

**10. MODIFICATION**

    10.1    This Stipulated Order may be modified in the Court's discretion or by stipulation.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: May 14, 2015        */s/ Darin W. Snyder*
                                    Darin W. Snyder
                                    O'MELVENY & MYERS LLP
                                    Attorneys for Plaintiff

Dated: May 14, 2015        */s/ Nathan L. Walker*
                                    Nathan L. Walker
                                    WILMER CUTLER PICKERING
                                      HALE AND DORR, LLP
                                    Attorneys for Defendants

**ATTESTATION**

I hereby attest that the other signatory listed concurs in this filing's content and has authorized the filing.

Dated: May 14, 2015        O'MELVENY & MYERS LLP

By:     */s/ Darin W. Snyder*
              Darin W. Snyder

**[PROPOSED] ORDER**

IT IS ORDERED that the forgoing Agreement is approved.

Dated: May 15, 2015   _____

*IT IS SO ORDERED*

*Judge Edward M. Chen*

[PROPOSED] STIPULATED
ESI ORDER
CASE NO. 3:14-CV-05415-EMC

8