MARK D. FLANAGAN (SBN 130303)
Mark.flanagan@wilmerhale.com
NATHAN L. WALKER (SBN 206128)
Nathan.walker@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

Attorneys for Defendants
BIGTINCAN MOBILE PTY LTD.
and BTC MOBILITY LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| ARTIFEX SOFTWARE, INC.,<br><br>                    Plaintiff,<br><br>          v.<br><br>BIGTINCAN MOBILE PTY LTD. and BTC MOBILITY LLC,<br><br>                    Defendants. | Case No. 5:14-cv-05415-EMC<br><br>**DEFENDANTS BIGTINCAN MOBILE PTY LTD. AND BTC MOBILITY LLC'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants BigTinCan Mobile Pty. Ltd. ("BTC Mobile") and BTC Mobility LLC ("BTC Mobility") hereby answer the First Amended Complaint ("FAC") of Artifex Software Inc. ("Artifex") as follows:

## INTRODUCTION

FAC Paragraph 1:  "Artifex is the owner of SmartOffice, a leading Microsoft Office mobile application that enables users to view, edit, create, share, and print Microsoft Word, PowerPoint, and Excel Files. BTC Mobile is engaged in the unauthorized and unlawful possession, use, and distribution  of the source code underlying SmartOffice including sale of its competing mobile application 'bigtincan hub' to third parties for profit. BTC Mobility is engaged in unlawful material contribution to BTC Mobile's copyright infringement activities and a civil conspiracy with BTC Mobile to misappropriate and unjustly profit from Artifex's trade secrets. Specifically, BTC Mobility promotes Mobile's infringing and unlawful products and identifies potential sales prospects for those infringing and unlawful products."

**ANSWER:**  BTC Mobile and BTC Mobility are without knowledge or information sufficient to form a belief as to the truth of the allegation that "Artifex is the owner of SmartOffice, a leading Microsoft Office mobile application that enables users to view, edit, create, share, and print Microsoft Word, PowerPoint, and Excel Files," and therefore BTC Mobile and BTC Mobility deny same.  BTC Mobile and BTC Mobility deny the remaining allegations set forth in Paragraph 1.

FAC Paragraph 2:   "BTC Mobile holds no valid license to the SmartOffice source code. Despite this fact, BTC Mobile continues to blatantly distribute its "bigtincan hub" product even though the product unlawfully utilizes Artifex's copyright-protected intellectual property and trade secrets.  Worst still, BTC Mobile is distributing an unauthorized and unlawful product that directly competes with Artifex's SmartOffice at a pricing differential that unjustly restricts Artifex from realizing the value of its intellectual property and trade secrets."

**ANSWER:**  BTC Mobile and BTC Mobility deny the allegations set forth in Paragraph 2.  BTC Holdings is entitled, under its license from Picsel, to permit its wholly owned subsidiary BTC Mobile to use, adapt, and amend the SmartOffice source code that was provided

1  to BTC Holdings under the Picsel License, for use in the BTC Hub, and BTC Holdings has

2  permitted BTC Mobile to do so.

3     FAC Paragraph 3:   "Artifex demanded that BTC Mobile cease its improper distribution

4  of its infringing and unlawful product, but BTC Mobile refused to comply, leaving Artifex no

5  choice but to seek relief from this Court."

6     **ANSWER:**  BTC Mobile and BTC Mobility deny the allegations set forth in

7  Paragraph 3.

8  **<u>NATURE OF THE CASE</u>**

9     FAC Paragraph 4:   "This action seeks to enjoin BTC Mobile from its unauthorized and

10  unlawful use of Artifex's copyrights and trade secrets and to enjoin BTC Mobility from its

11  contribution to and cooperation in that unlawful use through its promoting and selling of BTC

12  Mobile's infringing product. BTC Mobile is distributing its mobile application utilizing Artifex's

13  unlicensed copyright-protected intellectual property and trade secrets."

14     **ANSWER:**  BTC Mobile and BTC Mobility admit that Artifex purports to bring this

15  action to enjoin BTC Mobile and BTC Mobility.  BTC Mobile and BTC Mobility deny the

16  remaining allegations set forth in Paragraph 4, and deny any liability to Artifex.

17     FAC Paragraph 5:  "Artifex seeks preliminary and permanent injunctive relief and

18  damages under the laws of the United States and the State of California."

19     **ANSWER:**  BTC Mobile and BTC Mobility admit that Artifex's FAC states that

20  "Artifex seeks preliminary and permanent injunctive relief and damages under the laws of the

21  United States and the State of California."  BTC Mobile and BTC Mobility deny that Artifex is

22  entitled to any injunctive relief or damages (or any other relief) against BTC Mobile and BTC

23  Mobility.

24  **<u>PARTIES</u>**

25     FAC Paragraph 6:  "Plaintiff Artifex is a California corporation with its principal place of

26  business at 7 Mt. Lassen Drive, A-134, San Rafael, California."

27

28

1    **ANSWER:**  BTC Mobile and BTC Mobility are without knowledge or information

2    sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6, and therefore

3    deny same.

4    FAC Paragraph 7:  "Defendant BTC Mobile is an Australian propriety limited company

5    with its principal place of business at Level 9, 257 Clarence Street, Sydney, New South Wales,

6    Australia.  On information and belief, BTC Mobile does business in California and offers and

7    distributes its infringing product in California through the Internet, at least through California-

8    based Apple Inc.'s App Store and Google Inc.'s Google Play."

9    **ANSWER:**  BTC Mobile and BTC Mobility admit that BTC Mobile is an Australian

10   propriety limited company with its principal place of business at Level 9, 257 Clarence Street,

11   Sydney, New South Wales, Australia.   BTC Mobile and BTC Mobility admit that BTC Mobile

12   does business globally across Asia, Europe, and the United States, including California.  BTC

13   Mobile and BTC Mobility admit that BTC Mobile distributes the bigtincan hub in two parts:

14   (i) a free client app that is made available across Asia, Europe, and the United States, including

15   California, through the respective app stores for major mobile platforms (Apple, Google,

16   Blackberry, Windows) or is distributed through a customer's corporate private App Store; and

17   (ii) an account that is provisioned on the bigtincan server(s).  The account is made available as a

18   software-as-a-service offer, with a monthly service fee.  The client app is not usable, and has no

19   utility value without the provisioned account on the server(s).  The account only remains valid

20   and the product usable while the account is maintained in good standing with BTC Mobile.  BTC

21   Mobile and BTC Mobility deny the remaining allegations set forth in Paragraph 7.

22   FAC Paragraph 8:  "Defendant BTC Mobility is a Delaware limited liability company

23   with its headquarters located at 404 Wyman Street, Suite 205, Waltham, Massachusetts. On

24   information and belief, BTC Mobility does business in California and offers and promotes BTC

25   Mobile's infringing product in California through the Internet."

26   **ANSWER:**  BTC Mobile and BTC Mobility admit that BTC Mobility is a Delaware

27   limited liability company with its headquarters located at 404 Wyman Street, Suite 205,

28   Waltham, Massachusetts.  BTC Mobile and BTC Mobility deny the remaining allegations set

forth in Paragraph 8. BTC Mobility promotes the bigtincan hub product in the United States, including California. BTC Mobility identifies potential sales leads for BTC Mobile in the United States, including California.

## JURISDICTION AND VENUE

FAC Paragraph 9: "Artifex's claims for copyright infringement and contributory infringement arise under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. Artifex also brings a related state law claim for Misappropriation of Trade Secrets."

**ANSWER:** BTC Mobile and BTC Mobility admit that Artifex purports to assert claims for copyright infringement, contributory infringement, and misappropriation of trade secrets. BTC Mobile and BTC Mobility deny the remaining allegations set forth in Paragraph 9.

FAC Paragraph 10: "This Court has original subject matter jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a) and (b), and this Court has supplemental jurisdiction under 28 U.S.C. § 1367."

**ANSWER:** BTC Mobile and BTC Mobility admit that the FAC purports to allege claims over which this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 28 U.S.C. § 1367. Except as expressly admitted, BTC Mobile and BTC Mobility deny the allegations set forth in Paragraph 10.

FAC Paragraph 11: "This Court has specific personal jurisdiction over BTC Mobile as it, through its offering and distribution of its infringing product through the Internet to citizens of California and conducting business with companies in California, such as Apple Inc. and Google Inc., purposefully committed within California the acts from which these claims arise and/or committed tortious acts outside California, knowing and intending that such acts would cause injury within the state to Artifex, a California corporation. The Court also has general personal jurisdiction over BTC Mobile as it conducts continuous, systematic, and routine business through the Internet within the state of California and within the jurisdiction of this Court, which makes BTC Mobile essentially at home in California."

1    **ANSWER:** BTC Mobile and BTC Mobility will not challenge personal jurisdiction over

2    BTC Mobile by this Court for purposes of this action. Except as expressly admitted, BTC

3    Mobile and BTC Mobility deny the allegations set forth in Paragraph 11.

4    FAC Paragraph 12: "This Court has specific personal jurisdiction over BTC Mobility as

5    it, through its promoting and business dealings on behalf of BTC Mobile, offered an infringing

6    product for distribution through the Internet to citizens of California and/or committed tortious

7    acts outside California, knowing and intending that such acts would cause injury within the state

8    to Artifex, a California corporation. The Court also has general personal jurisdiction over BTC

9    Mobility as it conducts continuous, systematic, and routine business through the Internet within

10   the state of California and within the jurisdiction of this Court, which makes BTC Mobility

11   essentially at home in California."

12   **ANSWER:** BTC Mobile and BTC Mobility will not challenge personal jurisdiction over

13   BTC Mobility by this Court for purposes of this action. Except as expressly admitted, BTC

14   Mobile and BTC Mobility deny the allegations set forth in Paragraph 12.

15   FAC Paragraph 13: "Venue is proper in this District under 28 U.S.C. §§ 1391 and

16   1400(a)."

17   **ANSWER:** BTC Mobile and BTC Mobility will not challenge the propriety of venue

18   under 28 U.S.C. §§ 1391 and 1400(a); however, BTC Mobile and BTC Mobility deny that this is

19   the most appropriate and convenient forum for resolving the license dispute that is at the center

20   of this case. Except as expressly admitted, BTC Mobile and BTC Mobility deny the remaining

21   allegations of paragraph 13.

22   ### GENERAL ALLEGATIONS

23   FAC Paragraph 14: "Artifex is a closely-held, private corporation that was formed in

24   1993 and is headquartered in San Rafael, California. Artifex develops and licenses software

25   products that interpret files written in a page description language ('PDL'), such as the Portable

26   Document Format ('PDF'), and that allow for viewing and editing Microsoft Office Suite

27   documents on mobile devices."

28

1   **ANSWER:**  BTC Mobile and BTC Mobility are without knowledge or information

2   sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 and therefore

3   deny same.

4   FAC Paragraph 15:  "One of Artifex's software products is SmartOffice, a best-selling

5   suite of mobile applications that enables users to view, create, edit, and share Microsoft Office

6   files and other documents. Artifex acquired SmartOffice as part of its acquisition of certain

7   assets from Picsel International Limited ('Picsel International') and SmartOffice Technologies

8   Limited ('SmartOffice Ltd.') when those companies were liquidated. Pursuant to this acquisition,

9   Artifex now offers SmartOffice mobile applications on all leading platforms, including iPhone,

10   iPad, and Android-powered tablets and smartphones worldwide."

11   **ANSWER:**  BTC Mobile and BTC Mobility are without knowledge or information

12   sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15, and

13   therefore deny same.

14   FAC Paragraph 16:  "On February 18, 2014, the Administrators of SmartOffice Ltd. and

15   the Liquidator of Picsel International sold Artifex the IP assets to the SmartOffice application as

16   part of the liquidation and administration of those defunct companies."

17   **ANSWER:**  BTC Mobile and BTC Mobility are without knowledge or information

18   sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16, and

19   therefore deny same.

20   FAC Paragraph 17:  "Among the assets acquired by Artifex during this liquidation are the

21   source code business intellectual property, and existing licenses of SmartOffice (the 'Picsel

22   IP')."

23   **ANSWER:**  BTC Mobile and BTC Mobility are without knowledge or information

24   sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17, and

25   therefore deny same

26   FAC Paragraph 18:  "Computer programs such as SmartOffice are written by

27   programmers in a form known as "source code." Source code can be understood by humans but

28   cannot be executed directly by a computer. Source code is later transformed into 'executable'

1  code that can be run on a computer, also known as 'object code.'  A copy of the executable

2  program contains only object code, and the source code for the program cannot be derived from

3  this object code.  Modifications to computer programs, including SmartOffice, must be

4  completed by altering the source code, and they cannot be completed by altering the object code

5  directly."

6  **ANSWER:**  BTC Mobile and BTC Mobility admit the allegations set forth in

7  Paragraph 18.

8  <u>FAC Paragraph 19</u>:  "Artifex's business is based on the revenues derived from selling and

9  licensing software programs for which it holds the IP rights, including SmartOffice. Artifex

10  offers the SmartOffice application to the public via licensing and distribution agreements, but it

11  does not license or distribute the SmartOffice source code. Artifex also offers and sells

12  SmartOffice to the public through Apple Inc.'s App Store and Google Inc.'s Google Play."

13  **ANSWER:**  BTC Mobile and BTC Mobility are without knowledge or information

14  sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19, and

15  therefore deny same.

16  <u>FAC Paragraph 20</u>:  "Artifex registered version 2.1 of the SmartOffice source code with

17  the United States Copyright Office on November 19, 2014 under Registration Number TX 7-

18  936-524."

19  **ANSWER:**  BTC Mobile and BTC Mobility are without knowledge or information

20  sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20, and

21  therefore deny same.

22  <u>FAC Paragraph 21</u>:  "Artifex has not granted BTC Mobile a license to the SmartOffice

23  source code.  Additionally, BTC Mobile did not receive a license to the SmartOffice source code

24  from the now defunct Picsel [sic] International or SmartOffice Ltd."

25  **ANSWER:**  To the extent that Artifex acquired ownership of the Picsel/SmartOffice IP

26  from Picsel International Limited as Artifex has alleged, Artifex acquired such ownership subject

27  to the prior license to the SmartOffice source code that Picsel International Limited granted to

28  BTC Holdings.  BTC Holdings is entitled under the license to permit BTC Mobile to use, adapt

1  and amend the SmartOffice source code that was provided to BTC Holdings under the Picsel

2  License, for use in the BTC Hub, and BTC Holdings has permitted BTC Mobile to do so.  It is

3  therefore denied that BTC Mobile holds no valid license to the SmartOffice source code.  Save

4  as aforesaid, BTC Mobile and BTC Mobility admit the allegations set forth in Paragraph  21.

5      FAC Paragraph 22:  "On information and belief, BTC Mobile claims to have acquired an

6  informal, unwritten sub-license from BigTinCan Holdings Pty. Ltd. ('BTC Holdings') to use

7  SmartOffice technology in its products including the SmartOffice source code necessary to

8  modify and amend the SmartOffice software."

9      **ANSWER:**  BTC Mobile and BTC Mobility admit that BTC Mobile claims to have

10  acquired, and has acquired, an unwritten sublicense from BigTinCan Holdings Pty. Ltd. ("BTC

11  Holdings") to use SmartOffice technology in the bigtincan hub product.  BTC Mobile and BTC

12  Mobility further admit that BTC Holdings is entitled, under its license from Picsel, to permit its

13  wholly owned subsidiary BTC Mobile to use, adapt, and amend the SmartOffice source code that

14  was provided to BTC Holdings under the Picsel License, for use in the BTC Hub, and BTC

15  Holdings has permitted BTC Mobile to do so.  Except as expressly admitted BTC Mobile and

16  BTC Mobility deny the allegations of Paragraph 22.

17      FAC Paragraph 23:  "BTC Holdings, however, cannot sublicense or share the

18  SmartOffice source code under its license to the SmartOffice software.  BTC Holdings entered

19  into a Licensing Agreement that delineated the specific, and limited, permissible uses of the

20  Picsel [sic] IP ('Agreement'), which includes the SmartOffice source code."

21      **ANSWER:**  BTC Mobile and BTC Mobility admit that BTC Holdings entered into a

22  License Agreement that provides rights with respect to Picsel IP, which includes SmartOffice

23  source code.  BTC Holdings is entitled under the license to permit BTC Mobile to use, adapt and

24  amend the SmartOffice source code that was provided to BTC Holdings under the Picsel

25  License, for use in the BTC Hub, and BTC Holdings has permitted BTC Mobile to do so.

26  Except as expressly admitted,  BTC Mobile and BTC Mobility deny the allegations set forth in

27  Paragraph 23.

28

1    FAC Paragraph 24: "As stated in Paragraph 3.1 of the Agreement, BTC Holdings was

2    permitted only to 'license . . . and/or otherwise distribute the Picsel IP in Binary Code form.'"

3        ANSWER:   BTC Mobile and BTC Mobility deny the allegations set forth in

4    Paragraph 24.

5        FAC Paragraph 25: "Although the license granted BTC Holdings access to the

6    SmartOffice source code to exploit the specific rights granted under the license, the Agreement,

7    as stated in Paragraph 3.2, explicitly did "not permit any sub-licensee" to "amend, adopt or

8    otherwise deal with such source code."

9        ANSWER:   BTC Mobile and BTC Mobility admit that the Picsel license granted BTC

10   Holdings access to the SmartOffice source code to exploit the rights granted under the license.

11   BTC Holdings is entitled under the license to permit BTC Mobile to use, adapt and amend the

12   SmartOffice source code that was provided to BTC Holdings under the Picsel License, for use in

13   the BTC Hub, and BTC Holdings has permitted BTC Mobile to do so.  BTC Mobile and BTC

14   Mobility admit that the Picsel license agreement includes the following statement:   "For the

15   avoidance of doubt, BIGTINCAN shall be provided with the source code necessary for it to

16   exploit the rights granted to it and shall be permitted to amend, adapt or otherwise deal with such

17   source code (but not permit any sub-licensee so to do)."  Except as expressly admitted, BTC

18   Mobile and BTC Mobility deny the allegations set forth in Paragraph 25.

19       FAC Paragraph 26: "The Agreement additionally required that BTC Holdings 'keep

20   secret and confidential at all times . . . all Confidential Information,' and it prohibited BTC

21   Holdings from 'us[ing] or disclos[ing] to any third party any such Confidential Information

22   unless for the proper purposes of this Agreement, or having obtained the other party's prior

23   written consent.'  'Confidential Information' was defined in Paragraph 1.1. of the Agreement as

24   'all information relating to the Picsel IP.'"

25       ANSWER:  BTC Mobile and BTC Mobility admit that the Picsel license agreement

26   includes the following statements:  "Each party agrees that it shall keep secret and confidential at

27   all times during this Agreement all Confidential Information of the other Party which comes into

28   its possession or within its knowledge at any time, before, during or after the term of the

Agreement. Neither party shall use, copy or disclose to any third party any such Confidential Information unless for the proper purposes of this Agreement or having obtained the other party's prior written consent."   BTC Mobile and BTC Mobility admit that the Picsel license agreement also includes the following statement:  "To avoid any doubt, Confidential Information shall include all information relating to the Picsel IP."  Except as expressly admitted, BTC Mobile and BTC Mobility deny the allegations set forth in Paragraph 26.

FAC Paragraph 27:  "To the extent that any rights remain under BTC Holdings' license to the Picsel IP, that license explicitly prohibits BTC Holdings from sub-licensing or otherwise distributing the SmartOffice source code. BTC Mobile therefore cannot, and did not, obtain any right to possess, use, or modify Artifex's SmartOffice source code from BTC Holdings."

**ANSWER:**  BTC Mobile and BTC Mobility deny the allegations of Paragraph 27. BTC Holdings is entitled under the license to permit BTC Mobile to use, adapt and amend the SmartOffice source code that was provided to BTC Holdings under the Picsel License, for use in the BTC Hub, and BTC Holdings has permitted BTC Mobile to do so.

FAC Paragraph 28:  "On information and belief, BTC Mobile Director Geoffrey P. Cohen directed BTC Mobile to proceed with possessing, using, and modifying the SmartOffice source code despite Mr. Cohen's knowledge that BTC Mobile lacked any license to do so. BTC Mobile subsequently ratified this wrongful conduct and proceeded without a valid license to the SmartOffice source code."

**ANSWER:**   BTC Mobile and BTC Mobility deny the allegations set forth in Paragraph 28.

FAC Paragraph 29:  "Mr. Cohen, in his other role as Director of BTC Holdings participated in the negotiations that led up to BTC Holdings' license from Picsel International and SmartOffice Ltd.  Mr. Cohen therefore knew that BTC Holdings could not grant a sub-license to BTC Mobile by the explicit terms of the license agreement between BTC Holdings, Picsel, and the Picsel liquidator."

**ANSWER:**   BTC Mobile and BTC Mobility admit that Geoffrey Cohen, in his role as a Director of BTC Holdings, participated in the negotiations that led up to BTC Holdings' license

1    from Picsel International Limited and its liquidator.  Except as expressly admitted, BTC Mobile

2    and BTC Mobility deny allegations set forth in Paragraph 29.

3         FAC Paragraph 30:  "Since at least August 27, 2014, BTC Mobile has distributed its

4    'bigtincan hub' product through Apple Inc.'s App Store and Google Inc.'s Google Play."

5         **ANSWER:**  BTC Mobile and BTC Mobility admit the allegations set forth in

6    Paragraph 30.

7         FAC Paragraph 31:  "BTC Mobile admits and touts that its "bigtincan hub" product

8    contains and was created by using and amending the SmartOffice source code. Specifically, BTC

9    Mobile, through its promotional arm BTC Mobility, stated in a June 11, 2014 press release: "The

10   integration of new document editors through [BTC Mobile's] acquisition of the software source

11   code for Smart Office Technology brings new capabilities to Android device users for content

12   creation and editing across a variety of content types.  In addition, the Smart Office Technology

13   engineering and development team has come on-board as [BTC Mobile] employees to continue

14   to advance the Smart Office feature set in the bigtincan hub platform."

15        **ANSWER:**  BTC Mobile and BTC Mobility admit that BTC Mobile issued a June 11,

16   2014 press release that included, among other statements, the following statements:  "The

17   integration of new document editors through bigtincan's acquisition of the software source code

18   for Smart Office Technology brings new capabilities to Android device users for content creation

19   and editing across a variety of content types.  In addition, the Smart Office Technology

20   engineering and development team has come on-board as bigtincan employees to continue to

21   advance the Smart Office feature set in the bigtincan hub platform."   Except as expressly

22   admitted, BTC Mobile and BTC Mobility deny the allegations set forth in Paragraph 31.

23        FAC Paragraph 32:  "As explained herein, BTC Mobile lacks any valid license to

24   possess, use, modify, or distribute Artifex's SmartOffice source code and BTC Mobile Director

25   Geoffrey P. Cohen knew this fact and directed BTC Mobile to proceed despite lacking a

26   license."

27        **ANSWER:**  BTC Mobile and BTC Mobility deny the allegations set forth in

28   Paragraph 32.   BTC Holdings is entitled, under its license from Picsel, to permit its wholly

owned subsidiary BTC Mobile to use, adapt, and amend the SmartOffice source code that was provided to BTC Holdings under the Picsel License, for use in the BTC Hub, and BTC Holdings has permitted BTC Mobile to do so.

FAC Paragraph 33:  "BTC Mobile's continued use of and profit from use of the SmartOffice source code, including Artifex's copyright-protected intellectual property and trade secrets, is unlicensed and unlawful."

**ANSWER:**  BTC Mobile and BTC Mobility deny the allegations set forth in Paragraph 33.

FAC Paragraph 34:  "BTC Mobile's past and continuing violations of Artifex's intellectual property rights constitute substantial, irreparable harm to Artifex."

**ANSWER:**  BTC Mobile and BTC Mobility deny the allegations set forth in Paragraph 34.

FAC Paragraph 35:  "On information and belief, BTC Mobility promotes BTC Mobile's 'bigtincan hub' product and identifies potential sales prospects for BTC Mobile. As a result of BTC Mobility's efforts, BTC Mobile offers for sale, distributes, and sells products that infringe Artifex's copyrights and misappropriate Artifex's trade secrets more broadly and to new customers."

**ANSWER:**  BTC Mobile and BTC Mobility admit that BTC Mobility promotes BTC Mobile's 'bigtincan hub' product and identifies potential sales prospects for BTC Mobile.  BTC Mobile and BTC Mobility deny the remaining allegations of Paragraph 35.

FAC Paragraph 36:  "On information and belief, Geoffrey P. Cohen is BTC Mobility's chief financial officer ("CFO") in addition to his role as director of BTC Mobile and director of BTC Holdings."

**ANSWER:**  BTC Mobile and BTC Mobility admit that Geoffrey P. Cohen is BTC Mobility's chief financial officer, is a director of BTC Mobile, and is a director of BigTinCan Holdings Pty. Ltd.

FAC Paragraph 37: "As explained herein, Mr. Cohen had first-hand knowledge that BTC Mobile needed a license to possess, use, and modify the SmartOffice source code and that it did not have a valid license to do so."

**ANSWER:** BTC Mobile and BTC Mobility deny the allegations set forth in Paragraph 37.

FAC Paragraph 38: "BTC Mobility therefore, through the knowledge of its CFO, knew and had reason to know that BTC Mobile's "bigtincan hub" product infringed Artifex's copyrights and misappropriated Artifex's trade secrets."

**ANSWER:** BTC Mobile and BTC Mobility deny the allegations set forth in Paragraph 38.

FAC Paragraph 39: "BTC Mobile and BTC Mobility shared the knowledge that their plans to create, market, and sell the "bigtincan hub" product without a valid license would violate Artifex's trade secrets in the SmartOffice source code that the "bigtincan hub" product employed. Nevertheless, BTC Mobility agreed to promote and sell BTC Mobile's product to unjustly profit from Artifex's trade secrets."

**ANSWER:** BTC Mobile and BTC Mobility deny the allegations set forth in Paragraph 39.

FAC Paragraph 40: "As such, BTC Mobility's material contribution to the promotion and distribution of BTC Mobile's infringing product allowed BTC Mobility to improperly profit from Artifex's trade secret and copyright-protected intellectual property."

**ANSWER:** BTC Mobile and BTC Mobility deny the allegations set forth in Paragraph 40.

FAC Paragraph 41: "BTC Mobility's past and continuing contribution to the infringement of Artifex's copyrights constitute substantial, irreparable harm to Artifex."

**ANSWER:** BTC Mobile and BTC Mobility deny the allegations set forth in Paragraph 41.

### FIRST CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 et seq.)

FAC Paragraph 42:  "Artifex realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs."

**ANSWER:**  BTC Mobile and BTC Mobility reallege and incorporate reference by its foregoing answers to each and every foregoing allegation set forth in the preceding paragraphs.

FAC Paragraph 43:  "Prior to initiating this action, Artifex registered version 2.1 of the SmartOffice source code with the United States Copyright Office on November 19, 2014 under Registration Number TX 7-936-524."

**ANSWER:**  BTC Mobile and BTC Mobility are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth set forth in Paragraph 43, and therefore deny same.

FAC Paragraph 44:  "Through the actions complained of herein, BTC Mobile has infringed and will continue to infringe Artifex's copyright in the SmartOffice software, by copying, distributing, and/or licensing its product "bigtincan hub," which contains and utilizes the SmartOffice source code. BTC Mobile lacks any valid license to shield its infringing conduct."

**ANSWER:**  BTC Mobile and BTC Mobility deny the allegations set forth in Paragraph 44.

FAC Paragraph 45:  "Artifex is entitled to an injunction restraining BTC Mobile, its officers, agents, employees, assigns and all persons acting in concert with them from engaging in further such acts of reproduction or distribution in violation of federal copyright law. "

**ANSWER:**  BTC Mobile and BTC Mobility deny the allegations set forth in Paragraph 45.

FAC Paragraph 46:  "Artifex is entitled to recover from defendant BTC Mobile the damages it has sustained and will sustain as a result of defendant BTC Mobile's wrongful acts as alleged herein.  Artifex is further entitled to recover from defendant BTC Mobile the gains, profits, and advantages it has obtained as a result of BTC Mobile's wrongful acts. The full extent

of Artifex's damages and the gains, profits, and advantages BTC Mobile has obtained by reason of its aforesaid acts of copyright infringement cannot be determined at this time, but will be proven at trial. "

**ANSWER:**  BTC Mobile and BTC Mobility deny the allegations set forth in Paragraph 46.

**SECOND CLAIM FOR RELIEF**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 et seq.)**

FAC Paragraph 47:  "Artifex realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs. "

**ANSWER:**  BTC Mobile and BTC Mobility reallege and incorporate reference by its foregoing answers to each and every foregoing allegation set forth in the preceding paragraphs.

FAC Paragraph 48:  "Prior to initiating this action, Artifex registered version 2.1 of the SmartOffice source code with the United States Copyright Office on November 19, 2014 under Registration Number TX 7-936-524. "

**ANSWER:**  BTC Mobile and BTC Mobility are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48, and therefore deny same.

FAC Paragraph 49:  "Through the actions complained of herein, BTC Mobility has materially contributed to BTC Mobile's infringement of Artifex's copyright in the SmartOffice software, by promoting and aiding in the distribution of BTC Mobile's product "bigtincan hub," which contains and utilizes the SmartOffice source code. "

**ANSWER:**  BTC Mobile and BTC Mobility deny the allegations set forth in Paragraph 49.

FAC Paragraph 50:  "BTC Mobility, based on the first-hand knowledge of BTC Mobility CFO Geoffrey P. Cohen, knew and had reason to know that BTC Mobile required a license to reproduce, distribute, or license the SmartOffice software and that BTC Mobile lacked any valid license."

1   **ANSWER:**  BTC Mobile and BTC Mobility deny the allegations set forth in

2   Paragraph 50.

3   FAC Paragraph 51:  "Artifex is entitled to an injunction restraining BTC Mobility, its

4   officers, agents, employees, assigns and all persons acting in concert with them from engaging in

5   further such acts contributing to BTC Mobile's infringement of Artifex's copyrights in violation

6   of federal copyright law."

7   **ANSWER:**  BTC Mobile and BTC Mobility deny the allegations set forth in

8   Paragraph 51.

9   FAC Paragraph 52:  "Artifex is entitled to recover from defendant BTC Mobility the

10  damages it has sustained and will sustain as a result of defendant BTC Mobility's wrongful acts

11  as alleged herein. Artifex is further entitled to recover from defendant BTC Mobility the gains,

12  profits, and advantages it has obtained as a result of BTC Mobility's wrongful acts. The full

13  extent of Artifex's damages and the gains, profits, and advantages BTC Mobility has obtained by

14  reason of its aforesaid acts of copyright infringement cannot be determined at this time, but will

15  be proven at trial."

16  **ANSWER:**  BTC Mobile and BTC Mobility deny the allegations set forth in

17  Paragraph 52.

18

19  **THIRD CLAIM FOR RELIEF**<br>**MISAPPROPRIATION OF TRADE SECRETS**<br>**(Cal. Civ. Code § 3426 et seq.)**

20

21  FAC Paragraph 53:  "Artifex realleges and incorporates by reference each and every

22  allegation set forth in the preceding paragraphs."

23  **ANSWER:**  BTC Mobile and BTC Mobility reallege and incorporate reference by its

24  foregoing answers to each and every foregoing allegation set forth in the preceding paragraphs.

25  FAC Paragraph 54:  "Artifex's trade secret technology consists of software and other

26  information not generally known to the public, including, but not limited to the SmartOffice

27  source code. Artifex has taken reasonable measures to maintain its secrecy. It is the product of

28  substantial investment that would be lost or substantially lessened by disclosure to the public.

1   SmartOffice cannot easily be duplicated or altered without specific knowledge of and access to

2   Artifex's source code. The non-open-source portions of Artifex's source code therefore

3   constitute and comprise 'trade secrets' under applicable law."

4        **ANSWER:**  BTC Mobile and BTC Mobility are without knowledge or information

5   sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54, and

6   therefore deny same.

7        FAC Paragraph 55:  "BTC Mobile misappropriated Artifex's trade secrets by creating,

8   distributing, and/or licensing its product 'bigtincan hub' created using the proprietary

9   SmartOffice source code for which is has no license to possess, use, or modify."

10       **ANSWER:**  BTC Mobile and BTC Mobility deny the allegations set forth in

11  Paragraph 55.

12       FAC Paragraph 56:  "On information and belief, BTC Mobile Director Geoffrey P.

13  Cohen willfully and maliciously directed BTC Mobile to proceed with possessing, using, and

14  modifying the SmartOffice source code despite Mr. Cohen's first-hand knowledge that BTC

15  Mobile lacked any valid license to do so. BTC Mobile ratified this wrongful conduct by its

16  director and proceeded to possess, use, and modify the SmartOffice source code without a

17  license."

18       **ANSWER:**  BTC Mobile and BTC Mobility deny the allegations set forth in

19  Paragraph 56.

20       FAC Paragraph 57:  "Artifex is entitled to recover from BTC Mobile the damages

21  sustained as a result of the misappropriation alleged here. The amount of such damages cannot

22  be determined at this time but will be proven at trial."

23       **ANSWER:**  BTC Mobile and BTC Mobility deny the allegations set forth in

24  Paragraph 57.

25       FAC Paragraph 58:  "Artifex is informed and believes that BTC Mobile's acts of

26  misappropriation, after ratification of Director Geoffrey P. Cohen's willful and malicious

27  conduct, were also willful and malicious, meriting the imposition of punitive damages upon BTC

28  Mobile."

1   **ANSWER:**  BTC Mobile and BTC Mobility deny the allegations set forth in

2   Paragraph 58.

3   FAC Paragraph 59:  "Additionally, BTC Mobility was aware that BTC Mobile planned to

4   possess, use, and modify the SmartOffice source code and to take advantage of the source code

5   to market and sell the "bigtincan hub" product despite lacking a valid license to do so."

6   **ANSWER:**  BTC Mobile and BTC Mobility deny the allegations set forth in

7   Paragraph 59.

8   FAC Paragraph 60:  "BTC Mobility agreed with BTC Mobile to proceed with this

9   misappropriation of Artifex's trade secrets by knowingly promoting and selling the 'bigtincan

10  hub' product and intending that BTC Mobility and BTC Mobile unfairly benefit from their

11  misappropriation of Artifex's trade secrets."

12  **ANSWER:**  BTC Mobile and BTC Mobility deny the allegations set forth in

13  Paragraph 60.

14  FAC Paragraph 61:  "On information and belief, BTC Mobility CFO Geoffrey P. Cohen

15  willfully and maliciously directed BTC Mobility to conspire with BTC Mobile to misappropriate

16  Artifex's trade secrets by producing and selling the "bigtincan hub" product from the

17  SmartOffice source code without a valid license. Mr. Cohen had first-hand knowledge that BTC

18  Mobile lacked a valid license.  BTC Mobility ratified Mr. Cohen's wrongful conduct and

19  proceeded to conspire with BTC Mobile by selling and promoting a product it knew to contain

20  unlicensed trade secrets."

21  **ANSWER:**  BTC Mobile and BTC Mobility deny the allegations set forth in

22  Paragraph 61.

23  FAC Paragraph 62:  "As a result of BTC Mobility's civil conspiracy with BTC Mobile to

24  commit trade secret misappropriation, Artifex sustained damages and is entitled to recover those

25  damages in an amount that cannot be determined at this time but will be proven at trial."

26  **ANSWER:**  BTC Mobile and BTC Mobility deny the allegations set forth in

27  Paragraph 62.

28

FAC Paragraph 63:  "Artifex is informed and believes that BTC Mobility's conspiracy with BTC Mobile, after ratification of CFO Geoffrey P. Cohen's willful and malicious conduct, was also willful and malicious, meriting the imposition of punitive damages upon BTC Mobility."

**ANSWER:**  BTC Mobile and BTC Mobility deny the allegations set forth in Paragraph 63.

FAC Paragraph 64:  "Artifex is informed and believes that BTC Mobile and BTC Mobility are continuing and will continue to misappropriate Artifex's trade secrets and to conspire to do so.  By reason of that ongoing misappropriation and civil conspiracy, Artifex will suffer severe and irreparable harm and damages, and it will be without an adequate remedy at law. Artifex is therefore entitled to an injunction restraining defendants, their officers, agents, employees, assigns and all persons acting in concert with them and any person or entity acting in concert with them, from misappropriating Artifex's trade secrets."

**ANSWER:**  BTC Mobile and BTC Mobility deny the allegations set forth in Paragraph 64.

## PRAYER FOR RELIEF

FAC Prayer:  "Artifex prays for judgment against BTC Mobile and BTC Mobility as follows:

1.    For permanent injunctive relief, including an order restraining and enjoining BTC Mobile and BTC Mobility from further infringement of Artifex's copyright and misappropriation of Artifex's trade secrets, specifically:

a.   that BTC Mobile and BTC Mobility, as well as any successor entities, its directors and officers, agents, servants, employees, assigns, and all other persons acting in active concert or privity or in participation with them, and each of them, be enjoined from continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture

SmartOffice and any works derived or copied from SmartOffice, or to participate or assist in any such activity;

b.  that BTC Mobile and BTC Mobility, as well as any successor entities, its directors and officers, agents, servants, employees, assigns, and all other persons acting in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing Artifex's copyright in SmartOffice;

c.  that BTC Mobile and BTC Mobility, as well as any successor entities, its directors and officers, agents, servants, employees, assigns, and all other persons acting in active concert or privity or in participation with them, be enjoined from misappropriating Artifex's trade secrets with relation to SmartOffice;

d.  that BTC Mobile, as well as any successor entities, its directors and officers, agents, servants, employees, assigns, and all other persons acting in active concert or privity or in participation with them, be enjoined to return to Artifex any originals, copies, facsimiles, or duplicates of SmartOffice, any works derived or copied from SmartOffice in their possession, custody, or control that are shown by the evidence to infringe any Artifex copyright;

e.  that BTC Mobile be enjoined to deliver upon oath, to be impounded during the pendency of this action, and for destruction pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of SmartOffice, any works derived or copied from SmartOffice in their possession, custody, or control that are shown by the evidence to infringe any Artifex copyright;

2.  For compensatory damages against BTC Mobile and BTC Mobility, including any consequential or statutory damages, in an amount to be determined at trial;

3.  For exemplary and punitive damages;

4.  For attorneys' fees and costs of suit incurred herein;

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5.     For the value of BTC Mobile and BTC Mobility's unjust enrichment, including all gains, profits, or advantages attributable to defendants' wrongful acts alleged herein;

6.     That the Court grant such other, further, and different relief as the Court deems appropriate."

**ANSWER:**  BTC Mobile and BTC Mobility deny that Artifex is entitled to any relief sought by Artifex in its Prayer for Relief.

Except as expressly admitted herein, BTC Mobile and BTC Mobility deny the allegations set forth in the First Amended Complaint.

## AFFIRMATIVE DEFENSES

BTC Mobile and BTC Mobility incorporate by reference the foregoing paragraphs in their entirety and assert the following Affirmative Defenses.  BTC Mobile and BTC Mobility reserve the right to amend their answer with additional defenses as additional information becomes available.

### FIRST AFFIRMATIVE DEFENSE
**(License)**

The conduct about which Artifex complains in the FAC is permitted by BTC Holdings under the Picsel license.

### SECOND AFFIRMATIVE DEFENSE
**(Copyright registration)**

Artifex's copyright claim fails for lack of timely registration with the Copyright Office.

### THIRD AFFIRMATIVE DEFENSE
**(Lack of essential elements)**

Artifex's claims fail, in whole or in part, because one or more essential elements needed to prevail on such claims are lacking in this case.

1    WHEREFORE, BTC Mobile and BTC Mobility respectfully request that this Court enter

2  a judgment in their favor on all claims and defenses as follows:

3    A.    Dismiss Artifex's FAC in its entirety, with prejudice;

4    B.    Enter judgment in favor of BTC Mobile and BTC Mobility and against Artifex on

5  all claims in the FAC;

6    C.    Award BTC Mobile and BTC Mobility attorneys' fees against Artifex; and

7    D.    Grant such further relief to BTC Mobile and BTC Mobility as the Court deems

8  just and proper.

9                           **REQUEST FOR JURY TRIAL**

10    BTC Mobile and BTC Mobility request that all issues triable by jury be so tried in this

11  case.

12  Dated: May 15, 2015              Respectfully submitted,

13                                   BigTinCan Mobile Pty. Ltd. and BTC Mobility

14                                   LLC

15                                   By their attorneys,

16

17                                   /s/ Nathan L. Walker
                                     Nathan L. Walker (SBN 206128)

18                                   Wilmer Cutler Pickering Hale and Dorr LLP
                                     950 Page Mill Road

19                                   Palo Alto, California 94304
                                     Telephone:  (650) 858-6000

20                                   Facsimile:  (650) 858-6100

21                                   Attorneys for Defendants

22                                   BigTinCan Mobile Pty. Ltd. and
                                     BTC Mobility LLC

23

24

25

26

27

28